■ JAMES CALLAN, Respondent, v SHEILAH A. CALLAN, Appellant.—In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Gerard,

J.), dated July 18, 1985, which terminated her right of visitation with the parties' infant child, terminated her right to receive maintenance, directed her to return the infant to the plaintiff husband, the custodial parent, and issued a writ of assistance to plaintiff to regain custody of the child.

Order reversed, as a matter of discretion, without costs or disbursements, matter remitted to Special Term for further proceedings in accordance herewith, and it is directed that (1) the plaintiff, defendant, or any person having custody and/or control of the child is directed to deliver the child to the custody of the Suffolk County Department of Social Services, Child Protective Service, within three days of the date of the order to be made hereon; (2) the Suffolk County Department of Social Services is to accept custody of the infant, pendente lite, and arrange for supervised visitation by both parties; (3) both parties are to immediately submit to psychiatric evaluation and testing in accordance with the provisions of an order of Justice Becker, dated July 12, 1985; (4) the Suffolk County Department of Probation, if it has not already done so, is to immediately complete or arrange for the completion of a report on the parties' respective homes in accordance with the order dated July 12, 1985; (5) the parties are to complete discovery within 10 days of the date of the order to be made hereon; (6) plaintiff is to immediately resume payments of $100 per week temporary maintenance to the Suffolk County Support Enforcement Bureau; (7) enforcement of all other interim orders, decrees and judgments including outstanding arrest warrants, is hereby stayed, with the exception of defendant's judgment dated August 28, 1985 for $400 in maintenance arrears, and all outstanding issues are to be resolved at the trial which the parties are directed to proceed to; (8) the parties are granted a trial preference at the top of the Trial Calendar and are directed to proceed to trial within three weeks of the date of the order to be made hereon, and (9) the parties and county agencies involved are to notify this court of the extent of compliance with these directives within two weeks of the date of the order to be made hereon.

After a full hearing to consider, *inter alia,* the best interests of the parties' infant child in terms of custody and visitation and the needs and resources of the parties on the issue of temporary maintenance, an order was issued (Becker, J.), dated July 12, 1985, which granted custody of the parties' child to plaintiff, rights of visitation to defendant, and temporary maintenance to defendant in the amount of $100 per week. In addition, the parties were ordered to undergo psychi-

atric evaluation and testing by the Suffolk County Department of Health Services and the Suffolk County Probation Department was ordered to investigate the parties' respective homes. Thereafter both sides proceeded to ignore the provisions of this order and a rancorous series of events led to the untenable situation wherein defendant had illegal custody of the child and plaintiff apparently ceased maintenance payments.

Plaintiff obtained a writ of habeas corpus by order to show cause when defendant failed to return her infant daughter after her visitation of July 10, 1985. When a newly admitted associate of counsel for defendant appeared on the return date without defendant or the infant, his request for a short adjournment based upon counsel's being out of town and the associate's unfamiliarity with the matter was denied and Special Term entered the order from which defendant now appeals. After serving her notice of appeal, defendant obtained a stay by order of this court dated August 14, 1985, which reinstated her rights to supervised visitation and to receive temporary maintenance and again directed her to return the infant to plaintiff. We are now advised by counsel for both parties that plaintiff has seized the child by self-help.

Meanwhile, defendant obtained a judgment entered August 28, 1985 based upon plaintiff's default in the payment of temporary maintenance. Defendant has also leveled serious charges of physical and emotional intimidation and the use of the infant's custody by plaintiff as a bargaining chip in the parties' dispute over marital property.

Under the circumstances and in what we deem to be the best interests of the parties' infant child, we order that the steps set forth above be taken. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.